IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC JOSEPH EPSTEIN,** | **No. 1:08-CV-00419** |
| Plaintiff | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **SUSQUEHANNA RIVER BASIN COMMISSION and PPL SUSQUEHANNA, LLC,** | |
| Defendants | |

## <u>MEMORANDUM</u>

Plaintiff Eric Joseph Epstein, proceeding *pro se*, filed a petition for judicial review of a determination made by Defendant Susquehanna River Basin Commission ("SRBC" or "Commission") regarding proposals for water use submitted to the Commission by Defendant PPL Susquehanna, LLC ("PPL"). Because Plaintiff failed to timely file his petition, Defendants' pending motions to dismiss will be granted.

**I.      <u>Background</u>**

   **A.      <u>Facts</u>**

The Susquehanna River Basin Compact ("Compact") is a federal-state compact adopted in 1970 by the United States Congress, after its enactment by the legislatures of Pennsylvania, New York, and Maryland. Pub. L. No. 91-575, 84 Stat. 1509 (1970); *see* 32 Pa. Cons. Stat. Ann. § 820.1.[1] The purpose of the Compact was to create a single entity responsible for the use, management, development, control, and conservation of the waters of the Susquehanna River. *See* Compact Preamble §

---

[1] Citations throughout will be to "Compact § __."

1. The court will describe the administrative framework of the Compact, then relate the facts pertinent to this litigation.

### A. The Susquehanna River Basin Compact

The Compact created the SRBC as the entity charged with managing the waters for the benefit of all residents of the Basin. Compact §§ 1.3, 2.1, 3.1. Specifically, the SRBC shall: "develop and effectuate plans, policies, and projects relating to the water resources of the basin;" "adopt and promote uniform and coordinated policies for water resources conservation and management in the basin;" "direct the planning, development, operation, and[,] subject to applicable laws[,] the financing of water resources projects according to such plans and policies." *Id.* § 3.1.

The SRBC has the sole authority to approve "projects affecting the water resources of the basin," with the exception of certain projects that do not require Commission approval. *Id.* § 3.10. Upon submission of a proposed project, the SRBC must hold a public hearing regarding the project, preceded by due notice, "with opportunity for interested persons, agencies, governmental units, and signatory parties to be heard and to present evidence." *Id.* § 3.10.5. The SRBC

> shall approve a project if it determines that the project is not detrimental to the proper conservation, development, management, or control of the water resources of the basin and may modify and approve as modified, or may disapprove the project, if it determines that the project is not in the best interest of the conservation, development, management, or control of the basin's water resources, or is in conflict with the comprehensive plan.

*Id.* § 3.10.4. The Commission's determination to approve or deny a proposed project "shall be subject to . . . judicial review in any court of competent jurisdiction,

provided that an action or proceeding for such review is commenced within 90 days from the effective date of the determination sought to be reviewed." *Id.* § 3.10.6.

### B.     Administrative Procedural History

PPL operates the Susquehanna Steam Electric Station ("SSES"), located in Luzerne County, Pennsylvania. The SSES uses waters from the Susquehanna River Basin. On December 20, 2006, PPL filed an application with the Commission to increase the amount of water it would be permitted to withdraw from surface waters of the Susquehanna River. On August 9, 2007, PPL filed an application with the SRBC to withdraw ground water from the river.

On July 27, 2007, Plaintiff notified the SRBC that he intended to oppose PPL's petition to withdraw additional surface water from the river.[2] He also objected to the failure of PPL, in 2001, to file an application for increased withdrawal of surface waters. Because PPL exceeded its prescribed water use at that time without authorization by the Commission, Plaintiff contended that the SRBC should assess financial penalties to PPL. On August 1, 2007, Plaintiff filed his opposition to the application for the increase and reiterated his argument for levying a financial penalty for PPL's unauthorized use of additional water in 2001. The SRBC responded on August 15, indicating that it would consider Plaintiff's contentions as part of the public comment on PPL's current application for an increase. It also notified Plaintiff that PPL's application would be reviewed at a public hearing that would be held on September 12, 2007. On August 31, 2007,

---

[2] Plaintiff participated in the administrative process before the SRBC as a concerned citizen. Defendants argue that he lacks standing to bring suit in federal court, but the court need not reach that issue.

3

Plaintiff informed the SRBC that he would appear at the September 12 hearing, requested data, and moved to postpone the determination on the PPL application.

On September 5, 2007, the SRBC responded to Plaintiff's August 31 missive. Enclosed with the September 5 letter was the proposed docket for the September 12 meeting and a copy of the proposed settlement agreement offered by PPL Susquehanna. Plaintiff replied to the SRBC on September 10, noting that he chose not to appear at the Commission meeting on September 12. He asked instead that the contents of his September 10 letter, reiterating the problems he perceived with the SSES project and the Commission's method of inquiry into the project, be made part of the record at the hearing.

On September 12, 2007, the SRBC met in Binghamton, New York, to consider projects proposed within the basin. The Commissioners unanimously approved the SSES increase and the proposed settlement between PPL and the SRBC.

Plaintiff filed a written administrative appeal of the Commission's determination to approve the SSES project. He asked for a public hearing on topics of his concern. Plaintiff also requested a stay of the Commission's determination granting the SSES increase. The Executive Director of the SRBC denied his request for a stay.

On December 5, 2007, the SRBC met, in part, to hear argument on Plaintiff's request. The Commissioners voted unanimously 1) to deny Plaintiff's request for an administrative hearing and 2) to affirm the decision made by the Executive Director to deny Plaintiff's request for a stay of the action taken regarding

PPL Susquehanna. The parties agree that this was the final determination allowing the water usage increase at SSES.

### C. Procedural History in Federal Court

Plaintiff filed his complaint on March 5, 2008. (Doc. 1.) On March 19, 2008, SRBC filed a motion for an expedited case management conference (Doc. 8), which was granted. The conference was held on March 26, 2008. Upon the arguments of the parties presented, the court issued an order 1) staying the time within which Defendants must file an answer to the complaint; 2) permitting Defendants to file a motion to dismiss regarding Plaintiff's standing to sue and whether his complaint was timely filed; and 3) permitting letter briefing on whether this court has subject matter jurisdiction over this dispute and, assuming the litigation survives the arguments made in the foregoing areas, what procedure should govern the adjudication of this matter. (Doc. 11.) Defendants filed motions and briefing responsive to the court order (Docs. 13-18), and Plaintiff responded thereto (Docs. 19-21). The motions are ripe for disposition.

## II. Discussion

The court need only reach the issues of federal subject matter jurisdiction and timeliness. The remaining arguments raised in the motions and briefs are moot.

### A. The Compact Invokes Federal Question Jurisdiction

The United States Constitution provides that "[n]o State shall, without the Consent of Congress, . . . enter into any Agreement or Compact with another State." U.S. Const. art. I § 10, cl. 3. Under *Cuyler v. Adams*, "congressional

5

consent transforms an interstate compact within this Clause into a law of the United States" when the subject matter of the compact is appropriate for congressional legislation.  449 U.S. 433, 438, 440 (1981); *Doe v. Pa. Bd. of Probation & Parole*, 513 F.3d 95, 102-103 (3d Cir. 2008); *accord Texas v. New Mexico*, 462 U.S. 554, 564 (1983).  Congress consented to the Susquehanna River Compact under the auspices of the Compacts Clause.  The Compact governs water distribution along the Susquehanna River, which flows through three states, a subject appropriate for congressional legislation as a matter of interstate commerce.  As a result, the Compact is a law of the United States and this case presents a federal question over which this court has jurisdiction.  28 U.S.C. § 1331; *Doe*, 513 F.3d at 102-103.

### B.     The Petition for Judicial Review Was Not Timely Filed

The Compact provides ninety days to file an appeal of a determination made by the SRBC.  Compact § 3.10.6.  The Compact itself does not contain rules for computing the time to file.  Any interstate compact is treated as federal law, *see Doe*, 513 F.3d at 103, thus the court is constrained to use the method prescribed by Federal Rule of Civil Procedure 6 to establish the filing deadline.  Rule 6 is applicable "in computing anytime period specified in [the Federal Rules] or in any local rule, court order, or statute."  Fed. R. Civ. P. 6(a).  Because the time to file in this instance exceeds eleven days, the court counts from the day after December 5, 2007, for ninety days in a row, including Saturdays, Sundays, and legal holidays.  Fed. R. Civ. P. 6(a)(1)-(2).  The last day of the period is included because it does not fall on a Saturday, Sunday, or legal holiday, and it was not a day during which the clerk's office was inaccessible.  Fed. R. Civ. P. 6(a)(3).  Pursuant to these rules, the ninety-day period ended on March 4, 2008.  Plaintiff brought suit one day out of

time, on March 5, 2008.  Defendants argue that Plaintiff's untimely complaint must be dismissed.

A statutory provision containing a time prescription, like § 3.10.6 of the Compact,  may be construed as a temporal limit on the federal courts' subject matter jurisdiction or as a statute of limitations.  *See Bowles v. Russell*, 127 S. Ct. 2360, 2368 (2007) (Souter, J., dissenting); *Becton Dickinson & Co. v. Wolkenhauer*, 215 F.3d 340, 344 (3d Cir. 2000).  Each legal construct invokes distinct substantive and procedural questions.

If the limitation is jurisdictional, a court is without the power to adjudicate the claims raised in a complaint filed even one day out of time.  *Bowles*, 127 S. Ct. at 2366.  A claim over which the court lacks subject matter jurisdiction must be dismissed, regardless of its merit or the diligence of a party in bringing suit.  Fed. R. Civ. P. 12(h)(3); *Bowles*, 127 S. Ct. at 2366-67; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).  Procedurally, subject matter jurisdiction may be disputed in a motion under Federal Rule 12(b)(1).  Under that Rule, the court may find jurisdictional facts outside of the four corners of the complaint to determine whether it has subject matter jurisdiction.  *United States v. Hedges*, 404 F.3d 744, 750 (3d Cir. 2005).  The plaintiff carries the burden of persuading the court that subject matter jurisdiction exists.  *Id.*

If the time period is, instead, a statute of limitations, an untimely complaint may be permitted to proceed on the merits if the defendant waives the defense of timeliness or the plaintiff demonstrates that he is entitled to equitable tolling of the statute of limitations.  *Becton Dickinson*, 215 F.3d at 344.  Procedurally, the defense of statute of limitations may be raised in a motion under

Rule 12(b)(6) if the facts relevant to the defense are evident on the face of the complaint. *Jones v. Bock*, 127 S. Ct. 910, 920-21 (2007); *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, and all reasonable inferences permitted by the allegations, viewing them in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The defendant has the burden of persuasion that a claim for relief has not been stated. *Hedges*, 404 F.3d at 750.

There is authority which holds that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement" for which exceptions may not be granted. *Bowles*, 127 S. Ct. at 2366; *United States v. Higgs*, 504 F.3d 456, 464 (3d Cir. 2007). The basis for this rule is that a statutory time limit is a congressional limitation on the subject matter jurisdiction of the lower federal courts. *Bowles*, 127 S. Ct. at 2364. This rule has been applied to appeals from district court decisions, *see id.* at 2366, and from agency determinations, *see Pomper v. Thompson*, 836 F.2d 131, 134 (3d Cir. 1987). *See also Dill v. Gen. Am. Life Ins. Co.*, 525 F.3d 612, 617 (8th Cir. 2008) ("Time limits prescribed by statute are jurisdictional . . . ."); *Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 119 (2d Cir. 2008); *Grullon v. Mukasey*, 509 F.3d 107, 111 (2d Cir. 2007) (*Bowles* held that "a limit on extensions of time to appeal was jurisdictional largely because of the fact that [the] time limitation is set forth in a statute." (quotation and citation omitted)); *Higgs*, 504 F.3d at 464 (interpreting *Bowles* to mean that "if a time limitation is set forth in a statute, it is jurisdictional").

But there is also authority signaling that congressional intent determines whether a statutory time prescription to take an appeal is jurisdictional or a statute of limitations. *Bowles*, 127 S. Ct. at 2368 (Souter, J., dissenting); *Liadov v. Mukasey*, 518 F.3d 1003, 1009 (8th Cir. 2008); *Wall Twp. Bd. of Educ. v. C.M.*, 534 F. Supp. 2d 487, 493 (D.N.J. 2008); *see also Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 501 (3d Cir. 1998); *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998); *Lake Tahoe Watercraft Recreation Ass'n v. Tahoe Reg'l Planning Agency*, 24 F. Supp. 2d 1062, 1067 (E.D. Cal. 1998) (holding that the time prescription in an interstate compact created a statute of limitations, not a jurisdictional bar to suit). Indicia of congressional intent are the language and structure of the statute itself, its legislative history, and its statutory purpose. *Miller*, 145 F.3d at 618; *Shendock v. Dir., Office of Workers' Comp. Programs*, 893 F.2d 1458, 1462-64 (3d Cir. 1990).

The court need not decide whether the Compact establishes a jurisdictional bar or a statute of limitations because Plaintiff's petition for appeal must be dismissed under either standard. It is evident that if the time prescribed by the Compact is a jurisdictional bar, this court is without the power to adjudicate Plaintiff's claims because he filed out of time. *See Bowles*, 127 S. Ct. at 2366. Even if the court were to conclude that the Compact created a statute of limitations, Plaintiff's suit could not proceed because the face of the complaint establishes that he filed his appeal one day beyond the time period provided in the Compact. Defendants have not waived the defense of timeliness and Plaintiff has not shown that equitable tolling of the statute of limitations is required.

Equitable tolling stops a statute of limitations from running after a claim has accrued. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). Generally, the Third Circuit recognizes that equitable tolling may be appropriate: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Id.*; *accord New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1125-26 (3d Cir. 1997). Equitable tolling may also apply when a plaintiff receives inadequate notice of his right to sue. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1981). In addition to showing that he has been prevented from exercising his rights, a plaintiff must demonstrate that he exercised reasonable diligence in attempting to bring his claim. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004); *New Castle County*, 111 F.3d at 1126.

Plaintiff does not demonstrate that any of these circumstances apply to his case. Defendants did not mislead him with respect to his claim or prevent him from taking action thereon. Plaintiff was well aware of his right to sue, and asserted his rights in the correct forum, but was untimely in doing so. Further, a plaintiff who knows of the time within which he must file a petition for review, but fails to file within that time, does not demonstrate reasonable diligence. *See Schlueter*, 384 F.3d at 77. Here, the face of Plaintiff's complaint demonstrates his awareness that he was permitted ninety days from December 5, 2007, to file his petition for judicial appeal of the SRBC's final determination on the SSES decision. (Doc. 1 at 6 ¶ 1.)

The complaint also demonstrates that the complaint was filed on March 5, 2008—ninety-one days later.

Plaintiff's main argument is that he timely filed. As described *supra*, he did not. His submissions reflect a misunderstanding as to how a federal court computes a statutory time prescription. A lay person's misunderstanding of a procedural rule is not a basis for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (a *pro se* plaintiff's "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control") *quoted in Hedges*, 404 F.3d at 753. The Supreme Court, examining the request of a *pro se* prisoner to excuse his failure to exhaust administrative remedies commented:

> It is no doubt true that there are cases in which a litigant proceeding without counsel may make a fatal procedural error, but the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent. Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers. . . . [W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.

*McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting further that there is a "systemic interest in having a party represented by independent counsel even when the party is a lawyer," *id.* at 113 n.10). The *McNeil* rationale applies here. Plaintiff's misunderstanding of the proper way to compute the filing deadline for his appeal is the risk that he took by proceeding *pro se*.

In the alternative, Plaintiff asserts that he should be excused from the ninety day requirement because he acted in good faith. (Doc. 21 at 11.) Equitable tolling is to be used sparingly, when events *require* its application; not in the instance of ordinary neglect or misunderstanding of the law. *Irwin v. Dep't of*

*Veterans Affairs*, 498 U.S. 89, 96 (1990) (The principles of equitable tolling "do not extend to what is at best a garden variety claim of excusable neglect."); *Hedges*, 404 F.3d at 751; *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 241 (3d Cir. 1999) (equitable tolling may be justified because of attorney's deception of client and client's demonstration of diligence). A statute of limitations is a procedural requirement for gaining access to the courts; it is not "to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Ctr.*, 466 U.S. at 152. Commission of a good faith mistake is not a basis upon which this court may toll a statute of limitations.

    Plaintiff's remaining arguments are that Defendants will incur no prejudice if forced to defend his suit and that dismissing his complaint would not "appear to be in the best interest of public policy." (Doc. 21 at 11.) The Supreme Court, in *Baldwin County Welcome Center v. Brown*, addressed both arguments. "Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedure." 466 U.S. at 152; *see Hedges*, 404 F.3d at 753; *Seitzinger*, 165 F.3d at 241-42. Public policy, in this case, mitigates toward upholding the statute of limitations, not in excepting Plaintiff's claim from it: "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Baldwin County Welcome Ctr.*, 466 U.S. at 152.

    Plaintiff filed his petition for judicial review one day late. He has not demonstrated any reason why this court should apply equity to stop the running of

the statute of limitations for that brief time. "[I]n the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 (3d Cir. 1986) (quotation omitted). Accordingly, Plaintiff's petition for judicial review must be dismissed.

## IV.     Conclusion

Because Plaintiff failed to timely file his appeal from a determination of the Susquehanna River Basin Commission, Defendants' motions to dismiss Plaintiff's complaint will be granted. An appropriate order will issue.

                                                        s/Sylvia H. Rambo
                                                        SYLVIA H. RAMBO
                                                        United States District Judge

Dated: June 9, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC JOSEPH EPSTEIN,** : No. **1:08-CV-00419** |
| : |
| **Plaintiff** : **JUDGE SYLVIA H. RAMBO** |
| : |
| v. : |
| : |
| **SUSQUEHANNA RIVER BASIN** : |
| **COMMISSION and PPL** : |
| **SUSQUEHANNA, LLC,** : |
| : |
| **Defendants** : |

ORDER

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT** the motions to dismiss Plaintiff's complaint filed by Defendant PPL Susquehanna, LLC (Doc. 13) and Defendant Susquehanna River Basin Commission (Doc. 16) are **GRANTED**.

The Clerk of court shall close this case.

                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: June 9, 2008.